UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

---

LINDA CARYE,

Plaintiff,

v.

WFS FINANCIAL, INC.,
AMERICAN LENDERS SERVICE COMPANY,
CITY OF LAKES WRECKER AND RECOVERY, INC.,

Defendants.

Civil No. 01-1870 DWF/AJB

**ORDER**

---

The above-entitled matter came before the Court on Plaintiff's motion for leave to amend her complaint to allege punitive damages. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion is **denied** [Docket No. 13].

Dated: July 22, 2002

Arthur J. Boylan
UNITED STATES MAGISTRATE JUDGE

FILED JUL 22 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## MEMORANDUM

Plaintiff seeks leave to amend her complaint to allege punitive damages against Defendants WFS Financial, Inc. (WFS), American Lenders Service Company (ALS) and City of Lakes Wrecker and Recovery, Inc. (City of Lakes).[1] For purposes of this motion, the Court accepts Plaintiff's version of the facts (where the stories compete). There is no apparent dispute that the legal framework for the Court's decision is MINN. STAT. § 549.20, subd. 2, which provides:

> Subd. 2. Punitive damages can properly be awarded against a master or principal because of an act done by an agent only if:
> (a) the principal authorized the doing and the manner of the act, or
> (b) the agent was unfit and the principal deliberately disregarded a high probability that the agent was unfit, or
> (c) the agent was employed in a managerial capacity with authority to establish policy and make planning level decisions for the principal and was acting in the scope of that employment, or
> (d) the principal or a managerial agent of the principal, described in clause (c), ratified or approved the act while knowing of its character and probable consequences.

After reviewing the facts set forth by Plaintiff in light of the applicable law, the Court concludes that Plaintiff has failed to demonstrate that she is entitled to plead punitive damages. First, Plaintiff entirely failed to set forth evidence, which might demonstrate that ALS pre-approved the *manner* in which Mr. Hefty allegedly proceeded on the day in question.

Second, in arguing that she satisfied MINN. STAT. § 549.20, subd. 2(b) (with respect to ALS), Plaintiff cites a host of evidence in an attempt to suggest that Mr. Hefty was untrained. In

---

[1]Plaintiff offers no separate analysis with respect to City of Lakes. The Court denies Plaintiff's motion with respect to City of Lakes for the same reasons given for denying the motion with respect to ALS.

doing so, Plaintiff presents a skewed portrayal of the record.[2] Plaintiff glosses over evidence, which indicates that Mr. Hefty came to the job with prior towing experience and received some training in repossession, including some "ride-alongs" with the owner of ALS. See Lyons Aff., Ex. E at 9-11. Perhaps, the evidence suggests that ALS could have done more to be absolutely sure Mr. Hefty was qualified. But, this is a far cry from showing that ALS was faced with a *high probability* that Mr. Hefty was unfit (assuming, *arguendo*, that Mr. Hefty was unfit).

Next, in arguing that she satisfied MINN. STAT. § 549.20, subd. 2(c) (with respect to ALS), Plaintiff contends that Mr. "Hefty was employed in a managerial capacity because ALS gave [Mr.] Hefty full latitude and discretion in handling repossessions." Pl. Br. at 20. Again, this is a skewed portrayal of the record. Mr. Rethlake, the owner of ALS, testified that when a repossession agent is faced with a contested repossession, the agent gets to make the decision as to whether and how to proceed. See Lyons Aff., Ex. D at 41. This should not come as a big surprise to anyone. It seems to make sense that a repossession agent, who is in the middle of a potentially volatile situation, should be able to make quick decisions. But, that does not make the repossession agent a planning-level manager.

Next, in arguing that she satisfied MINN. STAT. § 549.20, subd. 2(d) (with respect to ALS), Plaintiff contends that Mr. Rethlake, the owner of ALS, ratified the manner in which Mr. Hefty proceeded on the day in question. But, the evidence presented by Plaintiff indicates that Mr. Rethlake gave his approval to Mr. Hefty's version of the events. If the events occurred as Mr. Hefty indicated, the Court cannot say that there was a deliberate disregard for the rights and

[2]Although the Court must accept Plaintiff's version of the facts as true, Plaintiff cannot offer snippets of testimony, which have been taken out of context.

safety of Plaintiff. According to Mr. Hefty, he attempted to repossess Plaintiff's vehicle while it was parked outside near her house. See Lyons Aff., Ex. E at 22. This appears to be acceptable under Minnesota law. See James v. Ford Motor Credit Co., 842 F.Supp. 1202, 1208-09 (D. Minn. 1994) (noting that Minnesota intended to follow the majority view on U.C.C. § 9-503 and further noting that the majority view allowed car repossessions from private driveways). In addition, according to Mr. Hefty, he hooked up Plaintiff's vehicle before she emerged from her house and contested the repossession. See Lyons Aff., Ex. E at 24. Therefore, under Mr. Hefty's version of the events, it is at least *arguable* that the breach of the peace occurred only after the repossession was complete and therefore, there was no violation of Minnesota's self-help repossession statute. See James v. Ford Motor Credit Co., 842 F.Supp. at 1209 (concluding that, where a breach of peace occurred after the repossession was completed, there was no violation of Minnesota's self-help repossession statute).[3]

Finally, the Court finds it almost unnecessary to comment on Plaintiff's motion with respect to WLS. It should be sufficient to say that Plaintiff has entirely missed the mark. However, it is worth making one comment before closing. Plaintiff contends that she should be able to plead punitive damages against WLS based on the non-delegable duty doctrine, as discussed in Nichols v. Metropolitan Bank, 435 N.W.2d 637 (Minn. Ct. App. 1989). Nichols, however, provides a theory for liability, not punitive damages.

AJB

[3]The Court does not mean to suggest that it is offering an opinion on the merits of Plaintiff's lawsuit. The Court intends only to demonstrate that Mr. Rethlake ratified conduct that was arguably consistent with Minnesota law.